### WEHNES v SCHLIEWE

Ohio Appeals, 9th Dist, Summit Co

No 2359. Decided March 20, 1934

W. E. Pardee, Akron, and B. K. Manning, Akron, for plaintiff in error.
F. A. Rees, Akron, for defendant in error.

## OPINION

By WASHBURN, PJ.

The real controversy between the parties is as to whether or not said notes were properly presented to A. W. Gruber and Bertha A. Gruber, and notice of nonpayment given to said Wehnes.

The record discloses that, at the close of the evidence on behalf of Schliewe, a motion was made on behalf of Wehnes for judgment on the pleadings, on the ground that the amended petition failed to state a cause of action. At the close of all the evidence a like motion was made, and both motions were overruled and exceptions noted. At no time was there a motion to direct a verdict in favor of Wehnes.

A motion for a new trial, filed on behalf of Wehnes, claimed that there was error in the amount of the verdict, that said verdict was not sustained by sufficient evidence and was contrary to law, and that there was error in the court's instructions to the jury; but there was no claim that the court erred in not withdrawing a juror and entering judgment in favor of Wehnes.

It should be stated that counsel for Wehnes in this court were in no way connected with the trial of the case in the Common Pleas Court:

In the petition in error filed in this court, it is claimed that the trial court erred in the admission and rejection of evidence, in its charge to the jury, and in overruling the motion for a new trial, and it is also claimed that "said judgment is contrary to law and against the weight of the evidence" and that there are "other errors on the face of the record prejudicial to the rights" of Wehnes; and the prayer of the petition in error is that the judgment of the trial court should "be reversed" and that Wehnes "be restored to all things lost thereby." There is no claim made in the petition in error that the trial court erred by not withdrawing a juror and entering judgment in favor of Wehnes.

Said notes were signed by two makers, and there is no claim that they were partners, and there is no claim in the petition that Wehnes waived presentment of said notes to such makers for payment and notice of dishonor, but there is some evidence in the record tending to prove an implied waiver. Although no application to amend, so as to make a claim of such waiver, was made, the court nevertheless charged on the subject of waiver of presentment for payment and notice of dishonor, and among other things said:

"If one bound to pay refuses to do so, that excuses a demand and further performance by the person entitled to receive."

The jury was thus told that if presentment for payment was made of Wehnes, the endorser, presentment for payment to the Grubers, the makers, was not necessary. This, of course, was error, and under the circumstances presented by the record in this case, was clearly prejudicial.

The court also charged upon the subject of notice of dishonor as follows:

"The law further provides that notice of dishonor is not required to be given to an endorser in either of the following cases: the one in so far as it applies to this is when the endorser is the person to whom the instrument is presented for payment."

We can find no such a provision in the negotiable instruments act. The provision of §8219, GC, providing that notice need not be given to a drawer "when the drawer is the person to whom the instrument is presented for payment," has no application whatever to the circumstances as presented by the record in this case.

The petition upon which the case was tried specifically alleged that presentment for payment was made and refused, and that notice thereof was given to Wehnes orally.

The general rule is that, where performance only of a contract is alleged, it is not competent to prove a waiver of such performance. If waiver is relied upon, it must be plead.

Eureka Fire & Marine Ins. Co. v Baldwin, 62 Oh St 368.

Globe Indemnity Co. v Wassman, 120 Oh St 72, and authorities cited therein at p. 87.

Bates' Pleading, Practice, Parties & Forms (4th ed.), §975e4.

Schliewe gave evidence of presentment and of oral notice of dishonor, and also tending to prove an implied waiver of presentment and notice, but no application was made in the trial of the case for leave to amend the petition by alleging waiver. However, the mere fact that the court charged on waiver without such amendment being made, would probably not be prejudicial error if the charge had correctly stated the law on that subject.

Moreover, there were two makers upon said notes, and the court confined the charge entirely to one maker, who was designated and referred to by name, and, on the subject of presentment, the court never even indirectly referred to the other

maker, notwithstanding the fact that the evidence as to presentment to the maker not mentioned in the charge, was so slight that it is earnestly urged that it did not amount to even a scintilla.

The makers were husband and wife, but were not partners, and §8183, **GC**, provides that "When there are several persons, not partners, primarily liable, on the instrument, and no place of payment is specified, presentment must be made to them all."

The court's failure to charge that, in order to charge Wehnes as an endorser, it was incumbent upon Schliewe to present said notes for payment to all of the makers of said notes, was not a mere omission, but, under the circumstances shown by the record in this case, was a clear failure to charge upon a very important issue, and was clearly prejudicial.

As has been said, one of the grounds contained in the motion for a new trial was that the verdict was not sustained by sufficient evidence, and we are unanimously of the opinion that the motion for a new trial should have been granted on that ground, and it was therefore error for the court to overrule the motion for a new trial.

For such error, and the errors in the charge which have been pointed out, the judgment must be reversed.

It is urged on behalf of Wehnes that this court should render final judgment in favor of Wehnes.

In many cases the Supreme Court has declared the law to be substantially as follows:

"Where the facts have been agreed upon, or where there is no conflict in the evidence, the Court of Appeals may apply the ruling principles of law to the uncontroverted facts, and, if application of the ruling principles requires a reversal of the judgment, and a final judgment in favor of the plaintiff in error, that procedure will be approved."

It is claimed that there is no conflict in the evidence in this case on the question of the presentment for payment of said notes to Mrs. Gruber.

There is some evidence in the record on that subject, and while we are unanimous in the conclusion that a finding that there was such presentment is not sustained by sufficient evidence, there is a difference of opinion among the judges of the court as to the reasonable inferences that may be drawn by reasonable minds from such evidence as there is, and therefore we are unable to reach a conclusion that a final judgment should be entered by a majority of the court; at least, such entry should not be made in the absence of a motion during the trial of the case for a directed verdict in favor of Wehnes.

It must be borne in mind that we are not considering a chancery case, nor a case submitted upon an agreed statement of facts, nor a case where the controlling facts are conceded in the pleadings or in the proceedings at the trial or by a combination of the two; but only a jury case in which there was a failure of proof or insufficient evidence as to a material fact.

Where, in a case triable to a jury, a reviewing court finds that there was insufficient or no evidence introduced tending to prove a fact necessary to constitute a cause of action, but no motion was made in the trial court to direct a verdict for the defendant at the close of all of the evidence, the reviewing court may reverse the judgment because the evidence does not warrant a judgment against the defendant; but as it cannot reverse the judgment on the ground that the trial court erred in not sustaining a motion for a directed verdict, it is the duty of the reviewing court to remand the cause instead of rendering final judgment.

Sec 12272, **GC**, relating to the judgment which a reviewing court should enter, is as follows:

"When a judgment or final order is reversed, in whole or part, in the Common Pleas Court, Court of Appeals or Supreme Court, the reviewing court shall render such judgment as the court below should have rendered, or remand the cause to that court for such judgment."

In a case triable by a jury, where the application of the law depends upon facts, the plaintiff has an opportunity at the trial to introduce evidence to prove all the facts essential to his right of recovery, and if he fails to offer evidence as to any essential fact, the defendant, by a motion to direct a verdict at the close of all the evidence, may raise a question of law purely—that is, that the plaintiff having failed to offer such evidence, and such evidence not having been developed in the presentation of the defendant's evidence, the defendant is entitled to a judgment in his favor. If the defendant makes such a motion, and the same is overruled, the error of the trial court consists not in the **failure,** but in the **refusal,** to render judgment in favor of the defendant; but if such a motion is

not made, it cannot be claimed in the reviewing court that it was the **duty** of the trial court to enter such judgment, and therefore such judgment is not one which the trial court "should have entered" within the meaning of §12272, GC.

If no motion for such a judgment is made by the defendant, and the case is submitted to the jury and a verdict is returned for the plaintiff and a judgment is entered thereon, a reviewing court, upon finding that there is insufficient evidence to support such judgment or that there was no evidence tending to establish a material allegation of the petition, and that therefore the motion for a new trial should have been granted, should, of course, reverse the judgment for error of the trial court in overruling such motion for a new trial, but is not justified in proceeding to enter final judgment in favor of the defendant and thus deprive the plaintiff of his right to supply such necessary evidence upon a retrial of the case.

"1. When a higher court reverses the judgment of a lower court upon the ground that the verdict or judgment is not sustained by sufficient evidence, or is against the weight of the evidence, the cause must be remanded to the lower court for a new trial * * *."
**Minnear v Holloway, 56 Oh St 148.**

"2. Although a party against whom a verdict is returned and a judgment is rendered in the Court of Common Pleas may have been entitled to an instruction to the jury to return a verdict in his favor, he is not, on that account, entitled to a final judgment in his favor in a reviewing court unless upon the trial he has requested that such instruction be given."
**Whitaker, Admr. v Michigan Mutual Life Ins. Co., 77 Oh St 518.**

See also the cases of **Cincinnati Traction Co. v Durack, Admr., 78 Oh St 243,** and **City of Zanesville v Stotts, 88 Oh St 557.**

In the case of **Youngstown & Suburban Ry. Co. v Faulk, 114 Oh St 572,** the Supreme Court did not render final judgment, although it found that there was no evidence tending to establish an allegation material to the right of the plaintiff to recover. In that case there was a motion at the close of the plaintiff's case for a directed verdict, which was overruled and exception noted, but that motion was not renewed at the close of all of the evidence;

and upon a retrial of the case in the Common Pleas Court, plaintiff again obtained a judgment, which was affirmed by the Court of Appeals. In the second trial there was a motion to direct a verdict for the defendant at the close of all the evidence, and the Supreme Court reversed the Court of Appeals and the Common Pleas Court and rendered final judgment, and in doing so pointed out in the opinion that the reason why such final judgment had not been rendered upon the reversal of the judgment in the first trial was because in that first trial the motion for a directed verdict, made at the close of plaintiff's evidence, was not renewed at the close of all the evidence. **Youngstown & Suburban Ry. Co. v Faulk, 118 Oh St 480.**

In a comparatively recent case, the Supreme Court reviewed two judgments of a Court of Appeals, each of which was a reversal of a Common Pleas Court judgment and an entry of final judgment in favor of the original defendant, although there was no motion in either trial court for a judgment in favor of defendant; and the Supreme Court reversed the Court of Appeals in both instances for rendering final judgment. The case is reported as the **Bridgeport Bank Co. v Shadyside Coal Co., 121 Oh St 544.**

In a recent case—**Industrial Comm. v Franken, 126 Oh St 299**—the opinion does not disclose that no motion for a directed verdict was made, but we have examined the record in the Supreme Court and find that no such motion was filed in the trial of the case, and no final judgment was entered in the Supreme Court, although it is disclosed by the opinion that there was no dispute in the evidence, and although the court was clearly of the opinion that the facts disclosed by the record did not warrant an award under the Workmen's Compensation Act, which was obtained by the judgment in the Common Pleas Court and affirmed by the Court of Appeals.

There were proper motions filed in the following cases: **Majoros v Cleveland Interurban Rd. Co., 127 Oh St 255; Industrial Comm. v Baker, 127 Oh St 345; Hamden Lodge v Ohio Fuel Gas Co., 127 Oh St 469;** and **Greyhound Lines, Inc. v Martin, 127 Oh St 499.**

The application for final judgment in this case is denied.

For the errors indicated, the judgment is reversed and the cause remanded.

FUNK and STEVENS, JJ, concur in judgment.