**POTTS et v DROLL et**

Ohio Appeals, 3rd Dist, Putnam Co

No 289.   Decided Jan 23, 1935

E. F. Weiser, Ottawa, for plaintiffs in error.

J. T. DeFord, Ottawa, for defendants in error.

## OPINION

**By THE COURT**

Among the grounds assigned in motion for a new trial, is the following: "Sixth. The verdict is against and contrary to the weight of the evidence and the law." And among the assignments of error in the petition in error, are "First. The court erred in overruling motion for a new trial," and, "Seventh. The verdict is against and contrary to the weight of the evidence and the law." And among the grounds for new trial set forth in §11576, GC, is sub-division six, "That the verdict, report or decision is not sustained by sufficient evidence or is contrary to law," and there is no other reason provided in said section for the granting of a motion for a new trial which is sufficiently comprehensive to include a case where the verdict is not sustained by any evidence.

In discussing the sixth subdivision of §5305, Revised Statutes, which is identical with **sub-division six of §11576 GC**, it is said in the opinion in the case of **Weaver v The Columbus, Shawnee & Hocking Ry. Co., 55 Oh St 491, at page 495.**

"This subdivision six of §5305 not only authorizes a new trial upon the ground that the verdict, and so forth, is not sustained by sufficient evidence, but in equally explicit terms authorizes a new trial whenever the 'verdict, report or decision' is contrary to law. This ground * * * that the 'verdict, report or decision' is contrary to law is broad and comprehensive. It would seem to include any error at law committed by the trial court in the course of a trial prejudicial to the losing party."

It is also the rule in Ohio that petitions in error are to be liberally construed (2 **O.**

J. 314), and it has been the universal practice in Ohio to treat an assignment of error that the verdict is against the weight of the evidence, as being sufficient without specification in the petition in error of the particulars in which the verdict is against the weight of the evidence.

In the case of **Youngstown & Suburban Ry. Co. v Faulk, 114 Oh St 572,** a negligence case, where a motion to direct had been made at the close of plaintiff's evidence but not renewed at the close of all the evidence and therefore waived, it was held that there being no evidence in the case tending to establish negligence on the part of the defendant, manifestly the verdict and judgment in the trial court were contrary to law, and defendant's motion for a new trial should have been granted on that ground, and reversed the judgment. See also, opinion in case of **Kline and Berry v Wynne, Haynes & Co., 10 Oh St 223.**

Applying these rules of construction it would appear that the assignments of error in the motion for new trial and in the petition in error, above referred to, "That the verdict is against * * * the law" and the "verdict is against and contrary to * * * the law" are broad and comprehensive enough to charge without more particular specification, that the verdict is contrary to law in that it is not sustained by any evidence although the technically proper way to assign such error is a specific assignment to the effect that the verdict is not sustained by any evidence.

As such ground of error is included in the general assignment that the verdict is contrary to law, which is one of the grounds for a new trial, it was not necessary for the plaintiffs in error in order to avail themselves of such ground, to move for a directed verdict at the close of the evidence. **114 Oh St 572,** supra. Accordingly, we hold that the assignments of error mentioned are sufficient to raise the question in this error proceeding as to whether the verdict is sustained by any evidence.

The sole issue in this case is whether the paper writing described in the petition, bearing date of July 12, 1932, which was admitted to probate by the Probate Court of Putnam County, Ohio, was the last will and testament of Agnes K. Unterbrink.

Upon a careful reading of the entire bill of exceptions we find that the will and probate thereof were properly proved and there is no evidence tending to rebut the presumption of the validity of the will arising from its probate, either by way of evidence tending to prove non-execution, lack of testamentary capacity on the part of said Agnes K. Unterbrink at the time of the execution of said will, or of any undue influence exercised upon said Agnes K. Unterbrink to procure the execution of said will.

The judgment of the lower court is therefore contrary to law in that it is not sustained by any evidence, and will be reversed for that reason but final judgment in favor of plaintiffs in error will not be entered for the reason that plaintiffs in error did not make a motion for judgment in their favor at the close of all the evidence. **Welmes v Schliewe, 47 Oh Ap, 452, (17 Abs 141),** Ohio Bar, September 24, 1934. A new trial will be awarded and cause remanded for a new trial and further proceedings according to law.