## SOUTHWESTERN OHIO POWER CO v SETTLE

Ohio Appeals, 1st Dist, Hamilton Co

No 5020. Decided March 24, 1936

C. S. Weakley, Cincinnati, and William B. Ramsey, Cincinnati, for plaintiff in error.

Hunsicker, Leis & Hamilton, Cincinnati, and Joseph F. Nieman, Cincinnati, for defendant in error.

**OPINION**

PER CURIAM

No eye-witnesses saw Settle come to his death, and there was no direct evidence as to the manner thereof.

It is the claim of plaintiff that Settle, in replacing said galvanized pipe in said well, caused the pipe to come into contact with the energized wires maintained by defendant, thereby causing Settle's electrocution. In that connection plaintiff claims defendant was guilty of negligence in maintaining said wires in said location, in failing to give warning of the presence of said wires, in failing to provide guards, in permitting said wires to become uninsulated, and in extending said wires through the branches of the trees in such manner as to conceal same from decedent.

It appears from the record that decedent had occupied said cottage for four or five summers prior to his death, and that the lines for furnishing electric service to the cottage occupied by decedent and his family were placed there by defendant at the instance of decedent and at his expense, he having paid to defendant the sum of $200 to install and connect said service wires.

The inference that decedent knew of the presence of said lines and of their location, seems to us to be fairly deducible from the foregoing facts.

Before argument, counsel for the defendant asked the court to submit to the jury interrogatories "Nos. 1, 2 and 3, findings of fact to be returned with general verdict." The court refused to submit any of said interrogatories to the jury, and an exception to that ruling was duly saved.

We think that the language of such request was sufficient to comply with the requirements of §11420-17, GC, to instruct the jurors to find specially on particular questions of fact 'if they render a general verdict," and we know of no principle of law which justifies the court in refusing to submit proper interrogatories contained in said request simply because some of the interrogatories requested are improper to be submitted (**Cleveland & E. Elec. Rd. Co. v Hawkins, 64 Oh St 391**), and we think that such conclusion is justified regardless of whether or not the interrogatories are requested separately or as a series, unless counsel presenting the request specifies that he desires none of them submitted if any are rejected.

In this case we find that interrogatories 1 and 2 required answers which would have established at least probative facts from which ultimate material facts might be inferred as a matter of law, and would have tended to test the correctness of the general verdict, and that therefore it was prejudicial error for the court to refuse to submit said two interrogatories. (**Gale v Priddy, 66 Oh St 400; Cleveland Produce Co. v Dennert, 104 Oh St 149**). The court was justified in refusing to submit interrogatory No. 3, because that related to a matter not in issue, and concerning which no claim was made.

There are a number of other claims of error, one of which was the failure of the court to direct a verdict in favor of the defendant.

A complete answer to that claim is that the court was not requested so to do, either at the close of plaintiff's case or at the conclusion of all of the evidence in the case. **Wehmes v Schliewe, 47 Oh Ap 452, 17 Abs 141.**

It is urged, however, that the finding of the jury that the plaintiff had sustained the required burden of proof to establish the fact that defendant's negligence was a proximate cause of the decedent's death, and the finding that the negligence of the decedent did not in any degree proximately contribute to cause his death, is manifestly against the weight of the evidence.

There was no direct evidence as to how the decedent met his death, or as to the claimed negligent conduct of the defendant being a proximate cause of such death, or as to the claim that there was negligence on the part of the decedent which proximately contributed to his death. All of those questions were matters of inference only, and some of the inferences claimed border upon the realm of conjecture; and after weighing carefully all of the circumstances shown by the record, we are unanimously of the opinion that such findings of the jury are manifestly against the weight of the evidence.

We find no prejudicial error in the record as to any of the other matters about which complaint is made.

For the two errors enumerated, the judgment is reversed and the cause remanded.

FUNK, PJ, STEVENS and WASHBURN, JJ, concur in judgment.